**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 13 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FIRST NATIONAL BANK OF NORTHERN CALIFORNIA, a national bank, | No. 13-15587 |
| | D.C. No. 4:11-cv-06631-PJH |
| Plaintiff - Appellant, | |
| v. | MEMORANDUM[*] |
| ST. PAUL MERCURY INSURANCE COMPANY, a Connecticut corporation, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Submitted May 11, 2015[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, and BENAVIDES[***] and OWENS, Circuit Judges.

First National Bank of Northern California ("the Bank") appeals from a grant of summary judgment against it and in favor of St. Paul Mercury Insurance Company ("the Insurer"). We affirm. Because the parties are familiar with the history of this case, we need not recount it here.

This insurance coverage dispute arises from a loss caused by the Bank's payment of two fraudulent wire transfers from the Edwards Living Trust, which the Bank reimbursed. The Bank seeks indemnity from the Insurer under its financial institution bond.

The district court properly concluded that the loss was not covered under the bond. The critical question is whether the Edwardses, who created the Trust, were "customers" within the meaning of the bond. To qualify as a "customer" under the bond, among other things, an individual or entity is required to have a written agreement with the Bank to rely on wire transfer instructions communicated by phone or fax. The undisputed facts show that there was no written agreement. Therefore, the district court properly entered summary judgment.

---

[***] The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

-2-

The Bank argues that the signature card, account agreement, and security procedures may be combined under the incorporation by reference doctrine to establish a written agreement authorizing wire transfers on the basis of voice or fax authorization. Under California law, which governs this dispute, parties to a contract may validly incorporate by reference into their agreement the terms of another document when specific factors are met. *See, e.g.*, *Avery v. Integrated Healthcare Holdings, Inc.*, 159 Cal. Rptr. 3d 444, 457 (Cal. Ct. App. 2013). The prerequisites for incorporation by reference are: (1) a clear and unequivocal reference by the parties; (2) the reference must be called to the attention of the other party; (3) the party must consent; and (4) the terms of the incorporated document must be known or easily available to the contracting parties. *Scott's Valley Fruit Exch. v. Growers Refrigeration Co.*, 184 P.2d 183, 189 (Cal. Ct. App. 1947), *disapproved on other grounds in Hischemoeller v. Nat'l Ice & Cold Storage Co. of Cal.*, 294 P.2d 433, 439 (Cal. 1956).

In this case, the district court properly concluded that, under California law, the signature card, account agreement, and security procedures did not qualify as a "written agreement" under the bond definition. The signature card, which is the only document that the Edwardses actually signed, does not refer to the account agreement or the security procedures. The security procedures were not provided

-3-

to the Edwardses. The signature card does not contain any authorization for a wire transfer from the account by voice or fax authorization. Under these undisputed facts, the district court properly concluded that the combined signature card, account agreement, and security procedures did not constitute a written agreement with the Bank authorizing it to rely on wire transfer instructions communicated by phone or fax. Therefore, the district court correctly concluded that the Edwardses did not qualify as "customers" within the meaning of the bond.

The Bank also contends that the district court erred by admitting certain evidence, but does not provide the basis for its argument in its opening brief. It instead asks us to incorporate by reference district court pleadings. Incorporation of district court arguments is not permitted under Ninth Circuit Rule 28-1(b). Because the contention was not specifically and distinctly argued, we will not consider it. *McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009).

**AFFIRMED.**